IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Criminal Action No. 20-mj-0041-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRADLEY R. MCGRAW,

    Defendant.

## ORDER

This matter is before the court on speedy trial issues associated with current trial settings and motions hearing.

Defendant was arraigned on March 12, 2020. Eleven days later, on March 23, 2020, Defendant filed his "Motion to Suppress Evidence" [Doc. No. 11]. The motion remains pending and a hearing is currently scheduled for September 18, 2020.

Since this case was originally set for trial, the Coronavirus Disease (COVID-19) pandemic has crippled Colorado, the United States and the world. Beginning on March 13, 2020, Chief Judge Philip A. Brimmer entered a series of orders concerning court operations and prohibiting trials in all but certain tightly controlled selected cases.

In Denver, the court has instituted elaborate protocols for handling mandatory criminal proceedings before judges involving multiple courtrooms and video conferencing where all

participants appear remotely including the judge, the courtroom deputy, an interpreter, a court reporter, counsel for each side, and clients.   That such measures are necessary to protect the health and safety of the persons involved in litigation before the court should be self-evident at this time.   Procedures for handling criminal matters are evolving with the various stakeholders including the court, the United States Attorney's Office and the Office of the Public Defender weighing in on the safest and most constitutionally appropriate ways of conducting criminal jury trials and other hearings.

At this time, all civil and criminal trials scheduled to commence prior to October 2, 2020 in any Denver courtroom have been banned unless a case has been selected to move forward as a "test" trial conducted under strict protocols).   (GO 2020-15.)   In the Colorado Springs courthouse, no jury trials may be conducted at all due to the space needs for appropriate and safe distancing absent a vaccine.   (GO 2020-11.)   This means that the jury trial scheduled for October 19, 2020, cannot go forward in Colorado Springs, as explained to counsel during the June 30, 2020 hearing, and must be scheduled for a Denver trial.

The Speedy Trial Act provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."   18 U.S.C. § 3161(c)(1).

There are a number of periods of delay outlined in subsection (h) of the Act that "shall be

2

excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." One such provision, Section (h)(1)(D), excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" and has been tolling the 70-day clock in this case since March 23, 2020.

In light of the pandemic, this court finds that subsection (h)(7) is implicated as well. That provision states,

> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
> **(B)** The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
> **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the

> defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161.

The President of the United States declared a state of emergency in response to the spread of COVID-19, and the Governor of the State of Colorado issued a state-wide "Stay at Home" orders for a period of time, a "Safe at Home" order urging persons of a certain age or other risk factors to limit excursions from home and issued other orders limiting gathering sizes, mask wearing and other restrictions designed to slow the spread of the disease and reduce the possibility of exposure to the virus continue to this day.  Gatherings of people continue to pose a threat to public health and safety.  The court will experience difficulty, due to various public health directives and general health concerns, obtaining an adequate cross-section of the community for jury selection, and there are difficulties in maintaining appropriate distancing between individuals during both jury trials and court trials.  These measures limit the number of jury trials, even in the larger courtrooms in Denver, to only two at any given time due to constraints on elevator usage and other considerations.  Each trial conducted requires the use of two courtrooms and the jury assembly room.  The number of cases awaiting trial given the ban on trials which has been ongoing for over six months, is growing ever larger.  With no vaccine ready for market yet, this court finds that the trial restrictions are not likely to be eased at any point for the remainder of the year.

On April 21, 2020, this court excluded 67 days from the speedy trial calendar.  (Doc. No. 18.)

On June 30, 2020, this court excluded an additional 90 days from speedy trial due to the pandemic and related concerns. (Minutes, Doc. No. 19.) No party objected to either of these two previous exclusions.

Given the posture of the case, the court finds that exclusion of 120 additional days from the speedy trial calendar must be imposed due to the pandemic and the limitation on safe space to hold a trial to a jury of twelve persons as required.

The court finds that the ends of justice served by the granting of a continuance of the trial in this case outweigh the best interests of the public and the defendant in a speedy trial. A continuance in this case is readily accommodated and will not result in a miscarriage of justice. This case involves a Class A misdemeanor. The defendant is not in custody and not subject to any pre-trial restrictions on his liberty. The court further finds that empaneling a jury would be difficult during the remainder of 2020, and that other criminal cases awaiting trial for Defendants on bond or in custody must be given trial priority access to the limited facilities available.

The court therefore considers **the new speedy trial deadline in this case to be February 22, 2021.** This is based on an arraignment date of March 12, 2020, 67 days excluded on April 21, 2020, 90 days excluded on June 30, 2020 and 120 days excluded as part of this order, along with the 70 days allowable between arraignment and trial provided for under the Act.

WHEREFORE, it is **ORDERED**

1. The jury trial scheduled for October 19, 2020 at 8:30 a.m. is **VACATED**. **Trial is reset to February 5, 2021 at 9:00 a.m. in Denver, Colorado.**

2. The hearing on Defendant's Motion to Suppress **remains set on September 18,**

**2020 at 09:00 AM in Courtroom 101 (Colorado Springs) before Magistrate Judge Kathleen M. Tafoya**.

3. Parties may file any objections to this order, either to the calculation of the new speedy trial deadline, the imposition of additional excludable time, or any other facet of the Order on or before September 17, 2020.

DATED this 8th day of September, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge